## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREAT WEST CASUALTY** | : | **No. 3:08cv230** |
| **COMPANY,** | : | |
| **Plaintiff** | : | **(Judge Munley)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **STATE NATIONAL INSURANCE** | : | |
| **COMPANY,** | : | |
| **MCCLYMOND'S SUPPLY & TRANSIT** | : | |
| **CO., INC.,** | : | |
| **FREDERICK PORTER, and** | : | |
| **CHRISTOPHER ALIUCCI,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the court is plaintiff's complaint, brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

**Background**

This case arises out of a motor vehicle accident that occurred on March 21, 2007 in Allegheny County, Pennsylvania. (Complaint (Doc. 1) (hereinafter "Complt." at ¶ 13). The accident involved Defendants Christopher Aliucci and Frederick Porter. (Id.). Porter was operating a truck he had leased from MST Logistics, Inc., and which in turn had been leased by Defendant McClymond's Supply & Transit, Inc. ("McClymond's"). (Id. at ¶ 9). After the accident, Defendant Aliucci brought suit in the Court of Common Pleas of Allegheny County, Pennsylvania against Porter and

McClymond's.  (Id. at ¶ 14).

McClymond's had purchased an insurance policy from Defendant State National Insurance Company ("State National") before the accident.  (Id. at ¶ 29). This policy provided insurance for all automobiles used by the company in the course of business.  (Id. at ¶ 33).  The policy specifically excluded from coverage, however, truckers who were not employees of the company under certain conditions. (Id.).  Plaintiff alleges that Porter was insured under the State National policy at the time of the accident.  (Id. at ¶ 37).  Despite this policy, State National refused to cover Porter in the state-court action, contending that the exclusion for truckers in the policy applies to him.  (Id. at ¶ 38).  At the same time, Great West had issued an insurance policy covering Porter.  (Id. at ¶ 48).  This policy "is excess over coverage available to Porter under the State National policy."  (Id. at ¶ 49).

On February 5, 2008, plaintiff filed the instant declaratory judgment action. The action seeks a declaration from the court that the State National policy provides primary coverage for Porter in the state-court lawsuit, and that the plaintiff's policy provides only coverage for liability in excess of that provided in the State National policy.  Plaintiff also seeks a declaration from the court that State National has a duty to defend Porter in the Allegheny County case.

**Jurisdiction**

We have subject matter jurisdiction over the complaint under 28 U.S.C. § 1331 because the case arises under the Declaratory Judgment Act, 28 U.S.C. §

2201, *et seq.*  ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Discussion**

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a) (emphasis added).  The United States Supreme Court has declared that "[d]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995).  The Third Circuit Court of Appeals has concluded that a court's decision whether to exercise its discretion to hear an action under the Declaratory Judgment Act "requires some inquiry into the scope of the state court proceeding, the nature of defenses available there, and whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding." State Auto Ins. Co. v. Summy, 234 F.3d 131, 133 (3d Cir. 2001).  Further, "[a] federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." Id. at 135.  These considerations are especially important because "district courts should give serious consideration to the fact that they do not establish state law, but are

3

limited to predicting it." Id. at 136.  Thus, "[d]ecisions in declaratory judgment actions

must yield to 'considerations of practicality and wise judicial administration.'" Id. at

(quoting Wilton, 515 U.S. at 288).

We will exercise the discretion afforded us under the Declaratory Judgment

Act and decline to hear this case.  The action involves only questions of insurance

coverage under state law.  Federal courts have no particular interest in addressing

such non-federal issues, which can instead be competently addressed by a state

court.  Moreover, there is a parallel state proceeding, where many of the issues that

would arise in this case will be addressed.  An opinion from this court on such

matters would thus make the litigation surrounding the traffic accident both

piecemeal and duplicative, and would frustrate courts' goals of efficiency and

practicality.  In addition, we note that the Summy court found that "[t]he desire of

insurance companies and their insureds to receive declarations in federal court on

matters of purely state law has no special call on the federal forum." Id. at 136.  We

are asked to entertain precisely such a dispute here, and decline to do so because a

federal forum is unnecessary to resolve the dispute.   We will therefore dismiss the

case.  An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREAT WEST CASUALTY COMPANY,** | : | **No. 3:08cv230** |
| **Plaintiff** | : | **(Judge Munley)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **STATE NATIONAL INSURANCE COMPANY,** | : | |
| **MCCLYMOND'S SUPPLY & TRANSIT CO., INC.,** | : | |
| **FREDERICK PORTER, and** | : | |
| **CHRISTOPHER ALIUCCI,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 8th day of January 2008, the plaintiff's complaint for declaratory judgment is hereby **DISMISSED**.  The Clerk of Court is directed to **CLOSE** the case.

BY THE COURT:

s/ James M. Munley
**JAMES M. MUNLEY**
**UNITED STATES DISTRICT JUDGE**